UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELICIA LOREN ELSTON,

    Plaintiff,

v.                                                    Case No.:  2:25-cv-959-SPC-DNF

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES et al.,

    Defendants.

---

**OPINION AND ORDER**

Before the Court is pro se Plaintiff Felicia Loren Elston's Emergency

Motion for Temporary Restraining Order.  (Doc. 2).  For the below reasons, the

Court denies the motion and dismisses the case with prejudice.

The Court struggles to pin down exactly what this case is about.  But it

can deduce enough.  Allegedly, Defendant Florida Department of Children and

Families ("DCF")[1] obtained and executed an ex parte order (as part of an

ongoing state proceeding) without probable cause, and it used this order to

enter Plaintiff's home and remove seven of her children.  DCF never served

Plaintiff with the order before or after its execution.  Since then, DCF continues

to deprive Plaintiff custody of (or perhaps visitation with) her children in

---

[1] Although there are several Defendants in this action (most of which are *Doe* defendants),
Plaintiff only names DCF throughout her entire complaint.

violation of certain court orders,[2] and it denied Plaintiff counsel.[3]  And at one

point, Plaintiff tried to show someone's attorney exculpatory evidence, but the

attorney refused to review it.  (Docs. 1–4).

Plaintiff brings claims for Fourth and Fourteenth Amendment violations

under 42 U.S.C. § 1983 and a claim titled "Retaliation and Interference with

Familial Association."   She seeks declaratory and injunctive relief.

Specifically, she asks that the Court: declare that Defendants' actions violated

her constitutional rights, enjoin Defendants from enforcing or relying upon

orders entered without service or valid jurisdiction, require Defendants to

comply immediately with existing visitation provisions, enjoin Defendants

from using any evidence or derivative actions obtained from the unlawful entry

into her home, and appoint her counsel.  (Doc. 1 at 7–8).[4]

Plaintiff moves for a temporary restraining order asking the Court to

enter an order prohibiting DCF and its agents from enforcing or relying upon

any state-court order entered without valid service or jurisdiction; requiring

DCF to comply with the visitation provisions contained in the existing shelter

---

[2] Plaintiff does not provide these orders, explain the basis of these orders, or explain how DCF violated them.

[3] It is unclear why DCF would need to provide Plaintiff with counsel.

[4] Adding to the confusing nature of her case, Plaintiff appears to file multiple motions for temporary restraining order (Docs. 2, 3), both of which raise different arguments and include details not mentioned in the complaint.  She also provides affidavits that include more facts absent from the complaint.  (Docs. 4, 5).

order; requiring DCF to restore telephonic and electronic contact between Plaintiff and her children; and requiring DCF and its agents to preserve all SMART recordings, transcripts, and photographs relating to Plaintiff's case. (Doc. 2).

To receive injunctive relief, the movant must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Because Plaintiff does not show a substantial likelihood of success on the merits, her request for injunctive relief fails. *See Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (noting that if a movant "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements").

Plaintiff's argument that she is likely to succeed on the merits is entirely conclusory. For instance, she states in one filing: "Plaintiff is likely to succeed because Defendants acted without lawful service, conducted warrantless searches beyond scope, and deprived Plaintiff of family integrity without due process." (Doc. 2 at 4) (internal citations omitted). In another filing, she asserts she is likely to succeed because "DCF entered Plaintiff's home under an ex parte 'Order to Grant Access' issued without notice or exigent

3

circumstances, violating the Fourth Amendment.   DCF then removed Plaintiff's children and denied her notice and counsel, violating the Fourteenth Amendment."   (Doc. 3 at 3) (internal citation omitted).   These conclusory assertions do nothing to suggest Plaintiff is substantially likely to succeed on any claim.   *See Blaise v. Wells Fargo & Co.*, No. 22-20303-CIV, 2022 WL 293259, at \*2 (S.D. Fla. Feb. 1, 2022) (explaining the movant failed to "satisfy her burden of showing a substantial likelihood of success on the merits through conclusory allegations; therefore, the Court cannot grant her a TRO").   On this basis alone, the Court denies Plaintiff's motion.   *See Am. C.L. Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) ("Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits.").

There is a larger issue that compels dismissal of Plaintiff's case: *Younger*[5] abstention.[6]  The *Younger* abstention doctrine "requires a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (citation omitted).  If a federal lawsuit overlaps with state proceedings, the federal court considers three factors when determining whether to interfere: (1) if the state proceeding is "ongoing"; (2) if

---

[5] *Younger v. Harris*, 401 U.S. 37 (1971).
[6] "*Younger* may be raised sua sponte." *Successful v. Hall Cnty., Georgia*, No. 2:25-CV-00218-SCJ, 2025 WL 2336112, at \*3 (N.D. Ga. Aug. 4, 2025).

the state proceeding implicates an "important state interest"; and (3) if the state proceeding provides an "adequate opportunity" to raise the federal claim. *Id.* at 908 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).   Domestic-relations cases invoke an important state interest.  *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1548 (11th Cir. 1996) (noting that *Younger* abstention applies if "important state interests are at stake—namely, the state's interest in preserving the integrity of . . . its domestic relations cases").

Younger bars the Court's consideration of Plaintiff's case.  Although she tries to couch her claims as constitutional violations to ensure this Court maintains jurisdiction, she is asking this Court to wade into an ongoing state domestic proceeding by enjoining certain state-court orders and compelling compliance with others.  She even mentions that a hearing in her state-court case is set for November 10, so it is evident the proceeding is ongoing.  (Doc. 2). Given the state-court proceeding is ongoing, domestic matters implicate an important state interest, and the state court provides her an adequate opportunity to raise her "constitutional" concerns, *Younger* abstention is warranted.  *See Narciso v. Walker*, 811 F. App'x 600, 601 (11th Cir. 2020) (affirming *Younger* abstention applied to § 1983 case arising from child custody dispute in which the plaintiff asked the court to strike state court orders as unconstitutional).

Plaintiff is well aware of *Younger*'s implication in this case because she argues an exception to *Younger* applies. As Plaintiff observes in her motion, a federal court should refuse to abstain if "there is no adequate alternative state forum where the constitutional issues can be raised." *Leonard*, 61 F.4th at 908. Plaintiff insists this exception applies because, in the state-court proceeding, her filings were stricken, she was not appointed counsel, and she was denied an opportunity to present exculpatory evidence.[7] (Doc. 3 at 3–4).

Additionally, Plaintiff moves for leave to file a supplemental declaration and evidence in support of her request for a temporary restraining order. (Doc. 9). She contends that the following facts demonstrate the Court should hear her case: she has never been served with numerous documents concerning the shelter petition; the shelter order and court minutes are contradictory on the issue of email service; three different court-appointed lawyers refused her request to file motions on six occasions; and a guardian ad litem discouraged Plaintiff from filing pro se notices. (Doc. 10). In Plaintiff's view, these facts show that state court procedures deny her due process and no adequate remedy exists within the state system—"strengthen[ing] her argument against

---

[7] Notably, her complaint faults DCF for denying her counsel and depriving her of the ability to introduce exculpatory evidence. But here, she seems to pin the blame on the state court. This inconsistency further confounds her claims.

abstention under *Younger . . . .*" (Doc. 9 at 2; Doc. 10 at 2).  But her arguments

opposing *Younger* abstention fall short.

When determining whether an adequate alternative state forum exists,

"what matters is whether the plaintiff is *procedurally* prevented from raising

[her] constitutional claims in the state courts, from which a certiorari petition

can be filed seeking review on the merits in the United States Supreme Court."

*Leonard*, 61 F.4th at 909 (emphasis original).  To make this showing, "plaintiffs

should provide evidence of state laws, rules, or procedures that would allow a

district court to evaluate whether the plaintiff's federal claims will effectively

be shut out from the judicial system and cut off from effective review in the

courts."  *Id.*  Plaintiff makes no such showing.  And without "unambiguous

authority to the contrary," a federal court "should assume that state

procedures will afford an adequate remedy[.]"  *31 Foster Child. v. Bush*, 329

F.3d 1255, 1279 (11th Cir. 2003) (internal citation and quotations omitted).

In sum, Plaintiff's complaint challenges an ongoing state domestic

relations proceeding and, more specifically, DCF's conduct pursuant to court

orders from such proceeding.  Federal courts have routinely abstained from

such claims.  *See Narciso*, 811 F. App'x at 601; *Liedel v. Juv. Court of Madison

Cty.*, 891 F.2d 1542, 1546 (11th Cir. 1990) ("Thus, under *Younger* . . . federal

district courts may not interfere with ongoing child custody proceedings.");

*Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) ("The federal judiciary has

traditionally abstained from deciding cases concerning domestic relations.  As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."); *Rabold v. Hayes*, No. 6:24-CV-1580-PGB-RMN, 2025 WL 1332910, at *3 (M.D. Fla. Mar. 24, 2025), *report and recommendation adopted*, 2025 WL 1085238 (Apr. 11, 2025) (dismissing the plaintiff's complaint with prejudice challenging an ongoing state court domestic relations proceeding). The Court does the same here.[8]

Accordingly, it is now **ORDERED:**

1. Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED with prejudice.**

3. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[8] For what it is worth, *Younger*'s applicability further demonstrates Plaintiff's failure to show a substantial likelihood of success on the merits for her temporary restraining order.  *See Morancy v. Salomon*, No. 24-12505, 2025 WL 1341957, at *4 (11th Cir. May 8, 2025) (holding district court did not abuse its discretion in finding the plaintiff failed to show a substantial likelihood of success on the merits because *Younger* barred consideration of his claims).