UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELICIA LOREN ELSTON,

    Plaintiff,

v.                                                                          Case No.: 2:25-cv-959-SPC-DNF

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES et al.,

    Defendants.

## OPINION AND ORDER

Before the Court is pro se Plaintiff Felicia Loren Elston's Emergency Motion for Reconsideration. (Doc. 14). The Court previously denied Plaintiff's emergency motion for temporary restraining order and dismissed her complaint with prejudice because the *Younger* abstention doctrine precludes the Court's review of her claims. (Doc. 12). Plaintiff asks the Court to reconsider the dismissal of her complaint.

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration

should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

After reviewing Plaintiff's motion, the Court finds her motion meritless. Plaintiff presents no extraordinary circumstances warranting reconsideration. Although she argues the Court erred in its conclusion that an adequate state forum exists, she rehashes the same arguments the Court previously rejected. This is improper. *Id.* She also points out that she offered to submit certain documentary and video evidence *in camera* for the Court's consideration, but the Court declined to review them. This is also unmoving. Plaintiff summarized what she believed the evidence would show. (Doc. 11). Even assuming the evidence depicts exactly what Plaintiff claims, it would not have altered the Court's analysis. So there was no need for the Court to request or review Plaintiff's proffered evidence.

Plaintiff also complains of "procedural irregularities" with the Court's Order. (Doc. 14 at 8–9). For instance, she argues it was improper for the Court to dismiss her complaint without a report and recommendation from the magistrate judge and before ruling on her motion to proceed *in forma pauperis*. These arguments are meritless and warrant no further attention. However, the Court briefly addresses the other purported irregularities.

Plaintiff argues the Court should have provided her notice before dismissing her complaint and an opportunity to amend. Not so. Generally, the Court would show-cause a plaintiff before *sua sponte* dismissing a case. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (explaining a district can only sua sponte dismiss an action if "the procedure employed is fair," which generally requires providing "the plaintiff with notice of its intent to dismiss or an opportunity to respond"). But a "fair procedure" in this circumstance did not necessitate notifying Plaintiff first. Somehow anticipating a *Younger* abstention issue, Plaintiff preemptively argued in her motion for a temporary restraining order that *Younger* did not apply. (Doc. 3 at 4–5). Then, she supplemented her motion with the explicit purpose of "strengthen[ing] her argument against abstention under *Younger v. Harris*, 401 U.S. 37 (1971)." (Docs. 9–11). Given Plaintiff was aware of *Younger*'s potential applicability (in fact, she flagged it for the Court), there was simply no need for the Court to notify her. And she did not need an opportunity to respond because she already addressed the issue—twice.

Nor is Plaintiff entitled to an amended complaint. "[A] pro se plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (cleaned up and citation omitted).

3

The problem for Plaintiff is that a more carefully drafted complaint would not have resolved her issues. Indeed, Plaintiff's inability to state a claim did not motivate dismissal (although it certainly could have). Rather, the Court abstained from Plaintiff's case under *Younger* because her sought relief is available in her ongoing state proceedings. Simply put, leave to amend was unwarranted because amendment would have been futile. *See Sundy v. Friendship Pavilion Acquisition Co., LLC*, 807 F. App'x 977, 982 (11th Cir. 2020) ("[A]n amended complaint would have been futile because further allegations of similar [constitutional violations] . . . would have been equally subject to dismissal under the *Younger* doctrine."); *Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 782 (11th Cir. 2018) (holding "the district court did not abuse its discretion in denying leave to amend when it concluded that amendment would be futile based on *Younger* grounds"); *Sheets v. Bell*, No. 2:23-CV-35-JLB-KCD, 2023 WL 11724681, at *6 (M.D. Fla. Sept. 12, 2023) (dismissing the plaintiff's complaint without leave to amend on *Younger* abstention grounds because any further amendment would be futile); *McCone v. Kest*, No. 6:20-CV-1946-CEM-EJK, 2021 WL 5034979, at *3 (M.D. Fla. Aug. 5, 2021), *report and recommendation adopted*, 2021 WL 5035005 (Aug. 25, 2021), *aff'd*, 2022 WL 1693541 (11th Cir. May 26, 2022) ("Here, it would be futile to allow McCone an opportunity to amend

4

because his claims, for the time being, are barred by the *Younger* abstention doctrine.").

Ultimately, Plaintiff's motion does not raise any basis for altering the Court's prior Order. Nevertheless, the Court found one on its own. The Court dismissed Plaintiff's complaint *with prejudice* on *Younger* abstention grounds. This was improper because "[d]ismissals pursuant to the *Younger* abstention doctrine are without prejudice." *Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (citing *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1264 (11th Cir. 1997)). So the Court amends its prior Order such that the dismissal of Plaintiff's complaint is *without* prejudice.

Accordingly, it is now **ORDERED:**

1. Plaintiff's Emergency Motion for Reconsideration (Doc. 14) is **DENIED**.

2. The Court *sua sponte* amends its Order dismissing Plaintiff's case (Doc. 12) such that the dismissal is **without prejudice**.

3. This case remains closed.

**DONE** and **ORDERED** in Fort Myers, Florida on October 30, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5